635 A.2d 596

STATE OF NEW JERSEY, PLAINTIFF, v. WILLIE MALONE.

Superior Court of New Jersey
Law Division, Hudson County

June 18, 1993.

*Sandra Iammatteo,* Deputy Attorney General, for the State (*Robert J. Del Tufo,* Attorney General, attorney).

*Gerald D. Miller* for the defendant (*Miller, Hochman, Meyerson & Schwartz,* attorneys).

## *OPINION*

MARGULIES, J.S.C.

The indictment charged, in separate counts, conspiracy, official misconduct, theft, misapplication of entrusted property, tampering with public records, falsifying public records and forgery. Defendant was convicted on all counts except the tampering count. The defendant moved to merge all of the substantive counts into official misconduct and to merge official misconduct with conspiracy leaving only the official misconduct for sentencing.

*N.J.S.A.* 2C:1–8 provides the statutory method of prosecution when conduct constitutes more than one offense. It provides for a concept of merger. *R.* 3:7–6 applies to joinder of offenses. An exhaustive annotation by Judge Pressler collects many instances where merger results from the joinder. Pressler, *Current N.J. Court Rules,* comment on *R.* 3:7–6 (1993).

The concept of merger applies in a variety of instances. It applies where some or fewer than all of the facts are common to two or more crimes; this is directed at the conduct of the accused. Merger may, but will not necessarily, result if the same conduct involves separate victims.

The role of public policy also comes into play. Merger may be produced where there is a lesser degree of injury incident to one of the two crimes. Historically, attempts and conspiracies were treated distinct from the consummated crimes; however, under the code today, attempt and conspiracy are inchoate aspects of a contemplated and consummated crime. This gives rise to problems of merger where both an attempt or a conspiracy and the consummated crime are both in the indictment and· in the evi-

dence. 1 Paul H. Robinson, *Criminal Law Defenses* § 68, at 328–341 (1984), treats the subject.

■ At bar, the face of the indictment, in charging official misconduct, encompassed reference to the other substantive crimes in the remaining counts of the indictment. In the presentation of the evidence, the facts which went to the charges of theft, misapplication, tampering, falsifying and forgery were the essential foundations of the affirmative acts which under official misconduct were alleged to be breaches of the duties imposed upon the defendant by law or inherent in the nature of his office.

The conspiracy count, as pleaded, listed as overt acts the same conduct which constituted the essential basis for the other substantive counts in the indictment.

The defendant, an employee in the Intake Unit of the Jersey City Division of Welfare, caused welfare checks to be issued to fictitious persons and then cashed. The process required the obtaining of blank welfare picture identification cards and causing others to falsify records and forge signatures. This resulted in a theft and misapplication of the funds entrusted to Malone. It breached his public duty.

For these reasons, the substantive crimes merge into official misconduct, which is the broader umbrella count encompassing the other wrongful criminal acts.

■ *State v. Hardison*, 99 *N.J.* 379, 492 *A.*2d 1009 (1985), provides that conspiracy merges with the substantive offense when that crime was the sole object of the preparation. Where the conspiracy involves objectives other than the substantive crime for which the defendant was indicted, it held that the conspiracy did not merge. At bar, the conspiracy encompassed a variety of the substantive crimes, not just one. For this reason, by analogy, the conspiracy merges with all of the substantive crimes which resulted in conviction. The fact that the conspiracy embraced more objects than any single other count is irrelevant.

■  The court also finds on the particular facts at bar that the acquittal of one of the components of official misconduct does not justify a separate sentencing on the conspiracy or prevent the merger concept from applying.  The problem is a unique one.  The acquittal suggests that the substantive crime was not committed.  This would not alone prevent a conviction of conspiracy since the conspiracy may well have been an inchoate part of the crime and, ordinarily, could stand independently although the contemplated crime was not committed.  But, where the contemplated crime is itself, if committed, a component of a larger crime, it would have merged in any event into the official misconduct.  It would be anomalous to subject the defendant to a greater exposure when acquitted than would result if he were convicted.

Neither counsel has provided the court with any primary or secondary authority directly on point.  Therefore, the reasoning of the court in reaching this conclusion is by analogy to the instances cited in *Hardison*.